cc: order, docket sheet, remand letter
to San Luis Obispo Superior Court,
No. CV 110089

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JACK ROURKE AND MARCY ROURKE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTRYWIDE BANK, F.S.B., *et al.* AND DOES 1 - 10 inclusive,<br><br>Defendants. | CASE NO. CV 11-1640 ODW (FFMx)<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [36] AND FINDING AS MOOT DEFENDANTS' MOTION TO DISMISS [30] |

Currently before the Court are Plaintiffs Jack and Marcy Rourke's ("Plaintiffs") Motion to Remand and Defendants Countrywide Bank, F.S.B., Recontrust Company, N.A., Mortgage Electronic Registration Systems, Inc., BAC Home Loans Servicing, L.P., and Countrywide Home Loans, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint. (Dkt. Nos. 36, 30.) The Court deems the matter appropriate for decision without oral argument pursuant to Rule 78 of the Federal Rule of Civil Procedure ("Rule __") and Local Rule 7-15. Having considered the matter, the Court **GRANTS** Plaintiffs' Motion and **FINDS AS MOOT** Defendants' Motion.

Plaintiffs instituted this mortgage action in San Luis Obispo County Superior Court alleging various state and federal claims against Defendants on February 7, 2011. Subsequently, on February 24, 2011, Defendants removed the instant action to this Court. Thereafter, on April 26, 2011, Plaintiffs filed a First Amended Complaint alleging only state law claims. At this time, Plaintiffs move to remand this case back to state court while the Defendants move to dismiss the First Amended Complaint.

Plaintiffs have voluntarily amended the Complaint to allege only state law claims. While removal may have been proper when the operative Complaint alleged federal claims, no such allegations exist in the First Amended Complaint for this Court to maintain subject matter jurisdiction at this time. In cases, as here, where all federal claims have dropped out and only pendent state law claims remain, a district court has discretion to remand the removed case upon a determination that retaining jurisdiction over the case would be inappropriate. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc*., --- U.S. ----, ----, 129 S.Ct. 1862, 1866 (2009) ("A district court's decision whether to exercise [supplemental jurisdiction over state claims] after dismissing every claim over which it had original jurisdiction is purely discretionary."). Because Plaintiffs no longer allege federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining claims, all of which are grounded in California state law. *See* 28 U.S.C. § 1367(c). Consequently, the Court hereby **REMANDS** the case to the San Luis Obispo County Superior Court. As a result, the Court **FINDS AS MOOT** Defendants' Motion. The Clerk of Court shall close this case.

IT IS SO ORDERED.

July 19, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE